IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, September 12, 2005

## CAROL MURPHY v. JENNIFER ANN JANOWITZ

**Direct Appeal from the Circuit Court for Knox County**
**No. 98344      Hon. Bill Swann, Circuit Judge**

---

**No. E2005-00736-COA-R3-CV FILED SEPTEMBER 29, 2005**

---

Respondent appeals to set aside an Order of Protection entered by the Trial Court. She argues the evidence does not support the Order. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Theodore Kern, Knoxville, Tennessee, for appellant.

Timothy Elrod, Knoxville, Tennessee, for appellee.

**OPINION**

In this action respondent appeals from an Order of Protection entered against her by the Trial Court pursuant to Tenn. Code Ann. § 36-3-601 *et seq.*

The respondent's appeal raises the issue of whether the evidence was sufficient to support an order of protection against the respondent, i.e., whether a person was subjected to physical harm, physical restraint, malicious destruction of property or placed in fear of physical harm to qualify for an order of protection pursuant to the statute.

When this dispute arose, the Trial Court referred the issue to a Master for

determination and the Master, after conducting a hearing, found:

> At the hearing today, the Court finds that the respondent represents a credible threat to the safety of the petitioner. The Court finds that the petitioner has proved domestic abuse by a preponderance of evidence beyond a reasonable doubt. In particular, the Court finds that the petitioner was in fear of physical harm and restraint by respondent, her mother, father and friend came to plaintiff's house uninvited to confront petitioner about selling house to defendant. Defendant's father, defendant's mother, all argued with petitioner. Petitioner left room, said she did not want to sell house to defendant. Defendant and other persisted with meeting anyway even though petitioner objected and kept leaving room. Petitioner could not drive to leave. Petitioner's daughter came into petitioner's bedroom and got her to come back to meeting. Petitioner felt intimidated and that defendant was trying to coerce her into giving her the house even though she said "no". House is only asset petitioner has. She is 80 years old. There was no preponderance of the evidence as to any physical injury to the plaintiff.

> Respondent filed exception to the Master's Report, and following arguments before the Trial Judge, the Trial Judge entered an Order stating in part: "The Master was in all things affirmed."

> Petitioner, aged 80, and respondent, her granddaughter, resided at the same address when this dispute arose. On appeal, respondent argues that family members came together and out of concern for the health and welfare of their elderly relative, they confronted her with their concerns about her ability to continue to care for herself, and they point out in the narrative transcript of evidence which the Trial Court adopted, that the Master specifically rejected petitioner's testimony of physical abuse. Domestic abuse is defined in Tenn. Code Ann. § 36-3-601(3):

> "Domestic Abuse" means infliction or attempting to inflict physical injuries on an adult or minor by other than accidental means, placing an adult or minor in fear of physical harm, physical restraint, or malicious damage to the personal property of the abused party."

The Master's Report, as adopted by the Trial Court, found that petitioner was placed in fear of physical harm and restraint, pursuant to the statute. We are required to give the ordinary meaning of words utilized by the General Assembly in the statute, and "fear" has been variously defined as to be afraid or to have an uneasy feeling. *See* The Oxford American Dictionary, Avon. While the Master did not accredit petitioner's testimony about any physical injuries, the Master clearly accredited the petitioner's testimony about fear and restraint. The credibility of the witness as found by the Trial Court will not be disturbed by this Court. *Adelsperger v. Adelsperger*, 970 S.W.2d 482 (Tenn. Ct. App. 1997). The evidence does not preponderate against the fact findings made by the Master as confirmed by the Trial Court. Tenn. R. App. P. 13(d).

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Jennifer Ann Janowitz.

_____

HERSCHEL PICKENS FRANKS, P.J.